1  McGREGOR W. SCOTT
   United States Attorney
2  COURTNEY J. LINN
   Assistant U.S. Attorney
3  501 "I" Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2755

FILED

FEB 29 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IN RE MATTER OF SEIZURE WARRANT FOR 2006 SEA RAY VESSEL | 2:08-SW-0074 KJM<br><br>STIPULATION AND ORDER FOR INTERLOCUTORY SALE OF THE 2006 SEA RAY VESSEL, MODEL 40DA, HULL NUMBER SERF0984A606 AND MERCRUISER ENGINES, SERIAL NUMBERS OW397163 AND OW397106 |

The United States of America, through its counsel, and Robert Bystrowski, through his counsel, stipulate as follows:

1. On February 14, 2008, the Court issued a seizure warrant for a 2006 Sea Ray vessel, model 40DA, hull number SERF0984A606 and Mercruiser engines, serial numbers OW397163 and OW397106 (hereafter "vessel"), titled in the name of Robert Bystrowski. The seizure warrant was executed on or about February 15, 2008, and the vessel was taken into the custody by the U.S. Marshals Service on February 15, 2008. The court issued the seizure warrant based on probable cause to believe the vessel was subject to seizure and forfeiture pursuant to 18 U.S.C. § 981.

///

1

2. The United States of America and the title holder of the vessel, Robert Bystrowski (hereafter "Bystrowski"), have been engaged in negotiations to allow Bystrowski to sell the vessel to a legitimate third-party purchaser and substitute, for seizure and forfeiture, the net proceeds from the sale of the vessel, after paying a reasonable sales commission and satisfying a legitimate third-party lien interest.

3. The United States and the title holder, Bystrowski, stipulate and agree that such sale is reasonable under the circumstances. The sale is expected to net in excess of $12,000.00 in sales proceeds, after paying the legitimate third-party lien, and will spare the government the expense of storing and maintaining said vessel pending further forfeiture proceedings, will avoid potential deterioration of the vessel, and will avoid the government incurring its own costs in connection with any future sale it may have to conduct.

4. Such interlocutory sale of the vessel is authorized by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (hereafter "Supplement Rules") Rule E(9)(a)(i)(B) and the customs statutes which are incorporated into forfeiture law. *See* 18 U.S.C. § 981(d) (incorporating 19 U.S.C. § 1612(a)). Section 1612(a) of Title 19 authorizes the government, upon petition to the Court, to obtain an order authorizing the interlocutory sale of a seized asset when such asset is liable to perish or to waste or to be greatly reduced in value by keeping. Furthermore, Supplemental Rule E(9)(b) authorizes the Court to assign a third party, in this case Bystrowski, to conduct the sale and deposit the proceeds from the

sale of the vessel with the Court. *Cf.* Supplemental Rule G(7)(b) (setting forth the procedures governing the interlocutory sale of assets subject to judicial forfeiture proceedings).

5. The United States and the title holder, Bystrowski, stipulate and agree that any and all proceeds generated from the sale, after the satisfaction of any legitimate lien interest, shall be substituted for the vessel for seizure and forfeiture. Notwithstanding the requirement that the proceeds be deposited into the registry of the Court, Bystrowski further stipulates and agrees that the Court may designate the United States Marshals Service as substitute custodian of those proceeds. The United States Marshals Services shall maintain such proceeds in an interest bearing account pending the further conclusion of administrative, civil and/or criminal forfeiture proceedings against such proceeds.

6. The sale of the vessel shall be conducted in a reasonably commercial manner, and the terms of the sale shall be approved, in writing, by the United States prior to consummation of the transaction. Bystrowski shall bear sole responsibility and liability for the conduct of the sale of the vessel and shall indemnify the United States against any and all claims that may arise from any sale of the vessel.

7. The parties stipulate and agree that Bystrowski's agent, MarineMax, should be authorized to take temporary custody of the vessel for purposes related to the sale, such as exhibiting it to prospective customers, and taking such prospective customers for sea trials in the vessel. In addition, the parties stipulate that Bystrowski will incur all expenses and liability related to

his agent, MarineMax, taking temporary custody of the vessel for purposes relating to the sale.

IT IS SO STIPULATED.

Dated: 2/28/05

McGREGOR W. SCOTT
United States Attorney

/s/ Benjamin Wagner for
COURTNEY J. LINN
Assistant U.S. Attorney

Dated:_____

_____
CHRISTOPHER H. WING
Attorney for
Robert Bystrowski

**ORDER**

For good cause shown, the Court adopts the parties stipulation for interlocutory sale and makes the following further orders:

1. Robert Bystrowski, the title holder of the 2006 Sea Ray vessel, model 40DA, hull number SERF0984A606 and Mercruiser engines, serial numbers OW397163 and OW397106, is hereby authorized to sell such vessel and, from the sales proceeds, pay any reasonable sales commissions and satisfy any legitimate third-party lien on the vessel.

2. Such sale shall be conducted in a reasonably commercial manner. Prior to the consummation of the sale transaction the terms of sale shall be approved, in writing, by the United States Attorney's Office, which office may withhold approval with or without cause.

4

his agent, MarineMax, taking temporary custody of the vessel for purposes relating to the sale.

IT IS SO STIPULATED.

Dated: _____        McGREGOR W. SCOTT
                            United States Attorney



                            _____
                            COURTNEY J. LINN
                            Assistant U.S. Attorney


Dated: FEB 28, 2008         _____
                            CHRISTOPHER H. WING
                            Attorney for
                            Robert Bystrowski



## ORDER

For good cause shown, the Court adopts the parties stipulation for interlocutory sale and makes the following further orders:

1. Robert Bystrowski, the title holder of the 2006 Sea Ray vessel, model 40DA, hull number SERF0984A606 and Mercruiser engines, serial numbers OW397163 and OW397106, is hereby authorized to sell such vessel and, from the sales proceeds, pay any reasonable sales commissions and satisfy any legitimate third-party lien on the vessel.

2. Such sale shall be conducted in a reasonably commercial manner. Prior to the consummation of the sale transaction the terms of sale shall be approved, in writing, by the United States Attorney's Office, which office may withhold approval with or without cause.

3. Robert Bystrowski's agent, MarineMax, shall be authorized to take temporary custody of the vessel from the United States Marshals for purposes related to the sale, such as exhibiting the vessel to prospective customers and conducting sea trials with such persons. In addition, Bystrowski will incur all expenses and liability related to his agent, MarineMax, taking temporary custody of the vessel for purposes relating to the sale.

4. Any and all proceeds generated from the sale, after the satisfaction of any legitimate lien interest, shall be substituted for the vessel, and shall be maintained by the United States Marshals Service in an interest bearing account pending further administrative, civil and/or criminal forfeiture proceedings against such proceeds.

5. Upon sale of the vessel, the Court's seizure warrant issued on or about February 14, 2007, shall be dissolved as against the vessel, and shall, without further order of the Court, be deemed as though it had been issued against the net proceeds from such sale. In the event that a sale is not consummated within five court days from the entry of this order, this order shall dissolve and shall have no further effect.

IT IS SO ORDERED.

Dated: 2/28/08

KIMBERLY J. MUELLER
UNITED STATES MAGISTRATE JUDGE

5